## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Phoenix Payment Systems, Inc. | Case No. 14-11848 (MFW) |
| Debtor. | |

## FIRST AND FINAL FEE APPLICATION OF RAYMOND JAMES & ASSOCIATES, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER TO THE DEBTOR FOR THE PERIOD FROM AUGUST 4, 2014 THROUGH MARCH 11, 2015

| | |
|---|---|
| Name of Applicant: | Raymond James & Associates, Inc. |
| Authorized to Provide Services to: | Phoenix Payment Systems, Inc. |
| Date of Retention: | September 3, 2014 |
| Period for Which Compensation and Reimbursement is Sought: | August 4, 2014 through March 11, 2015 |
| Amount of Monthly Advisory Fees Sought: | $100,000.00 |
| Amount of Expense Reimbursement Sought[1]: | $8,488.45 |
| Amount of Business Combination Transaction Fee Sought[1]: | $4,140,255.41 |
| Amount Credited: | $200,000.00 |
| Total Compensation and Expense Reimbursement Sought[1]: | $4,248,743.86 |
| Total Compensation and Expense Reimbursement Paid: | $4,145,934.86 |
| Total Compensation and Expense Reimbursement Outstanding[1]: | $102,809.00 |

This is a(n): __ monthly    ___ interim    _X_    final application

Prior Applications Filed:  None

---

1 The fees and expenses sought herein include $100,000.00 of outstanding fees and an estimate of $2,809.00 of expenses that would be due and payable under the Engagement Letter related to seeking approval of this Application.  To the extent such estimated expenses are greater than actual expenses for seeking approval of this Application, Raymond James would promptly return such excess expenses to the Debtor; to the extent such estimate proves to be insufficient, however, Raymond James reserves the right to amend this Application to seek reimbursement for any and all additional expenses reimbursable under the Engagement Letter, including legal fees.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Phoenix Payment Systems, Inc. | Case No. 14-11848 (MFW) |
| Debtor. | |

**FIRST AND FINAL FEE APPLICATION OF RAYMOND JAMES & ASSOCIATES, INC., AS INVESTMENT BANKER FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER TO THE DEBTOR FOR THE PERIOD FROM AUGUST 4, 2014 THROUGH MARCH 11, 2015**

Pursuant to Bankruptcy Code §§ 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2016-1, this Court's *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated August 27, 2014 (the "Administrative Order"), the deadline for retained professionals to seek approval of fees and expenses incurred in these cases established by this Court in that certain *Order Confirming Joint Plan of Phoenix Payment Systems, Inc. Proposed by the Debtor and the Official Committee of Unsecured Creditors*, dated March 10, 2015 [ECF No. 654], and the related plan of reorganization, and the *Order Authorizing the Debtor to Retain Raymond James & Associates, Inc.* ("Raymond *James as Investment Banker to the Debtor Nunc Pro Tunc to the Petition Date, August 4, 2014* (the "Retention Order", attached to this Application as Exhibit A), "), dated September 3, 2014 [ECF No. 148], Raymond James hereby files this First and Final Fee Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Investment Banker to the Debtor for the Period from August 4, 2014 through March 11, 2015 (the "Application"). In support of this Application, Raymond James respectfully represents as follows:

2

## Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Code §328, Bankruptcy Rule 2016, and Local Rule 2016-2.

## Background

2.      On August 4, 2014, (the "Petition Date"), the above-captioned debtor ("Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.      Raymond James had been engaged and retained by the Debtor prior to the Petition Date on February 25, 2014, and this Court approved such engagement and retention for this bankruptcy case on September 3, 2014 (*nunc pro tunc* to the Petition Date) pursuant to the Retention Order.  The Retention Order authorized Raymond James to be compensated for services in accordance with paragraph 2 of its engagement letter with the Debtor (the "Engagement Letter" attached to this Application as Exhibit B), including without limitation, a monthly fee ("Monthly Advisory Fee") equal to $50,000.00 per month and a Business Combination Transaction Fee (as defined and detailed therein) and to be reimbursed for the Expenses incurred by Raymond James under the Engagement Letter in connection with this engagement.

4.      Pursuant to the Retention Order, Raymond James' fees are not subject to review except under the standard of Bankruptcy Code § 328, with only a limited reservation of rights under Bankruptcy Code § 330 for the United States Trustee.

## Compensation Paid and Its Source

5.      By this Application, Raymond James seeks final allowance and approval of compensation and reimbursement of actual, reasonable and necessary expenses (including

3

legal fees) (the "Expenses") for the period from August 4, 2014 through and including March 11, 2014 (the "Compensation Period") in accordance with the Retention Order and the Engagement Letter.[2] Such amounts are detailed below in accordance with the Retention Order:

| | |
|---|---|
| Monthly Advisory Fees – Post Petition [A] | $100,000.00 |
| | |
| Business Combination Transaction Fee - Base | $4,225,000.00 |
| Business Combination Transaction Fee - Purchase Price Adjustment | $115,255.41 |
| Business Combination Transaction Fee - 50% Monthly Advisory Fee Credit | $(200,000.00) |
| Total Business Combination Transaction Fee [B] | $4,140,255.41 |
| | |
| Business Combination Transaction Fee - Re: Escrow Holdback | $(100,000.00) |
| Total Business Combination Transaction Fee Paid | $4,040,255.41 |
| | |
| Reimbursement of Expenses Paid to Date [C] | $5,679.45 |
| Fees and Expense Reimbursement Paid to Date | $4,145,934.86 |
| | |
| Business Combination Transaction Fee Outstanding – Re: Escrow Holdback[2] | $100,000.00 |
| Reimbursement of Outstanding Expenses[2] [D] | $2,809.00 |
| Total Fees and Expense Reimbursement Outstanding | $102,809.00 |
| | |
| Total Fees and Expense Reimbursement Sought [A] + [B] + [C] + [D] | $4,248,743.86 |

6.     The Debtor paid to Raymond James, as described in the Engagement Letter, a Monthly Advisory Fee equal to $50,000.00 per month for two months totaling $100,000.00 (in addition to six Monthly Advisory Fee payments pre-petition, totaling $400,000.00), Raymond James earned a $4,140,255.41 Business Combination Transaction fee after crediting $200,000.00 for 50% of the Monthly Advisory Fees, of which $4,040,255.41 has already been paid to Raymond James.   The remaining Business Combination Fee due to Raymond James in the amount of $100,000.00 will be paid on or around April 27, 2015. Raymond James incurred Expenses of $8,488.45, of which $5,679.45 was paid and $2,809.00 is estimated and also expected to be paid on or around April 27, 2015.

---

2 The fees and expenses sought herein include $100,000.00 of outstanding fees and an estimate of $2,809.00 of expenses that would be due and payable under the Engagement Letter related to seeking approval of this Application.  To the extent such estimated expenses are greater than actual expenses for seeking approval of this Application, Raymond James would promptly return such excess expenses to the Debtor; to the extent such estimate proves to be insufficient, however, Raymond James reserves the right to amend this Application to seek reimbursement for any and all additional expenses reimbursable under the Engagement Letter, including legal fees.

7. All services for which compensation is requested by Raymond James were performed for or on behalf of the Debtor.

8. With the exception of payments described in paragraph 6, Raymond James has received no payment and no promise for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Raymond James and any other person for the sharing of compensation to be received for services rendered in these cases.

### Time Log Statements

9. The time log statements for the Compensation Period are attached hereto as <u>Exhibit C</u>. These statements contain daily time logs describing the time spent by each professional for the Compensation Period. Raymond James' believes that this Application complies Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Guidelines adopted by the United States Trustee, Local Rule 2016-2, and the Administrative Order. Pursuant to the Retention Order, Raymond James and its professionals were granted a limited waiver of the information requirements of Local Rule 2016 and are permitted to keep time records on a daily basis in rendering services for the Debtor in hour increments setting forth a general description of the tasks performed by each Raymond James professional each day in rendering services to the Debtor, as was done by Raymond James for this case.

### Actual and Necessary Expenses

10. The expenses incurred by Raymond James, listed by the individual and type of expense, during the Compensation Period are attached hereto as <u>Exhibit D</u>.

### Summary of Services Rendered

11. The professionals of Raymond James who have rendered services in this case are as follows: Raj Singh (Managing Director), Steve Hufford (Managing Director), Mike

Pokrassa (Senior Vice President), Leslie Ann Brooks (Vice President), Matthew Bernstein (Associate), Erik Prochnow (Analyst), and John Critchlow (General Counsel). Raymond James, by and through the above-named persons, has prepared and/or assisted in the preparation of various applications and orders submitted to the Court for consideration, advised the Debtor on a regular basis with respect to various matters in connection with this case, and has performed all necessary professional services which are described and narrated in detail hereinafter.

The services rendered by Raymond James directly benefiting the estate were not all post-petition, as a large portion of Raymond James' efforts were pre-petition. Specifically, Raymond James played an integral role in developing and implementing a marketing and sale effort intended to generate the highest and best value for the Debtor' assets (the "Sale Process"), much of which was performed prior to the Petition Date. The professionals at Raymond James collectively worked thousands of hours prior to the Petition Date to secure the stalking-horse bidder in a pre-petition marketing process. With that in mind, it is noteworthy to describe such sale efforts as a precursor to closing a transaction in the post-petition period. Following the Debtor's retention of Michael Jacoby of PMCM, LLC (an affiliate of Phoenix Management Services) as Chief Restructuring Officer on February 3, 2014, the Debtor retained Raymond James as its investment banker on February 25, 2014. Immediately upon becoming retained, Raymond James facilitated a marketing process for a transaction with the Debtor of any type, including a sale, recapitalization or investment in the Debtor (a "Potential Transaction"). To that end, Raymond James (i) prepared and disseminated marketing materials to be used in the sale process, (ii) prepared potential buyer lists from a comprehensive search of both strategic and financial entities ("Interested Parties") as well as consultations with the Debtor and its other advisors, (iii) established and maintained an on-line data room where potential buyers could retrieve comprehensive diligence materials and other information regarding the Debtor, (iv) contacted potential buyers via phone calls, emails and meetings and participated in follow-on

conversations and correspondence, (v) facilitated the process of negotiating and executing confidentiality agreements, (vi) prepared and organized due diligence information based on follow-up diligence requests from potential buyers, (vi) prepared for and participated in diligence meetings and coordinated and attended site visits to the Debtor's facilities with potential buyers, and (vii) assisted in the negotiation of a stalking-horse asset purchase agreement.

As a result of the robust and multi-staged pre-petition marketing process conducted by Raymond James, which has been described to this court at prior hearings, the purchase price for the Debtor's assets under such purchase agreement was **3.5 times greater** than the preliminary bid received late in 2013 from the very same bidder.

12.        The Services rendered by Raymond James during the Compensation Period can be grouped in the following four (4) categories:

(i)    **Post-Petition Sales Process.** During the Compensation Period, a significant portion of Raymond James professionals' time was also dedicated to the sale process as Raymond James (i) prepared and disseminated marketing materials, (ii) prepared and expanded previous potential buyer lists including consultations with the Debtor and the unsecured creditors committee via its financial advisors, (iii) established and maintained an on-line data room where potential buyers could retrieve comprehensive diligence materials and other information regarding the Debtor, (iv) contacted potential buyers via phone calls, emails, standard mailing distributions, ensuring that potential buyers were aware of the sale process, (v) facilitated the process of negotiating and executing confidentiality agreements, (vi) prepared and organized due diligence information based on follow-up diligence requests from potential buyers, (vii) prepared for and participated in due diligence site visits and conference calls with potential buyers, and assisted the Debtor in seeking Court approval of the purchase agreement, bid procedures and ultimate sale.

(ii) **Calls and Meetings with the Debtor and its professionals, lenders, the creditors' committee and its counsel and financial advisor, and other interested parties.** During the Compensation Period, Raymond James expended significant time and effort advising the Debtor and working with the Debtor' professionals regarding the sale process and other matters.   Raymond James participated in telephonic conference calls with the creditors' committee's professionals to provide periodic situation updates, facilitated due diligence information and an understanding of the Debtor' business, and discussed the sale process.

(iii) **Court preparation and attendance**.  This category includes time spent to prepare for and attend various Court hearings.  Raymond James attended several Court hearings in Delaware, including, the bid procedures hearing, and the sale hearing granting approval of the sale of substantially all of the Debtor's assets.  Prior to the various Court hearings, Raymond James spent significant time preparing and/or reviewing various court motions, declarations and proffers, and seeking resolution of objections related thereto.

(iv) **Internal Organization and planning, administrative, travel, and other.** This category includes all additional tasks not included in the prior categories, including but not limited to scheduling calls and meetings, internal organization and planning, administrative tasks related to potential buyer meetings, travel, and other administrative tasks related to the Chapter 11 process.

13.     Exhibit C attached hereto includes the amount of time spent by each Raymond James professional on a daily basis in rendering services to the Debtor and a summary of total time worked by each Raymond James professional based on the categories of services described above.

### Valuation of Services

14.     Professionals of Raymond James have expended a total of 837 hours in connection with this matter during the Compensation Period, as follows:

| Summary of time worked by professionals | Total |
|---|---|
| Professionals | 8/4/14-3/11/15 |
| Erik Prochnow | 31.5 |
| John Critchlow | 1.6 |
| Leslie Ann Brooks | 147.7 |
| Matt Bernstein | 193.2 |
| Mike Pokrassa | 261.5 |
| Raj Singh | 42.3 |
| Steve Hufford | 159.3 |
| Total | 837.1 |

The daily details are fully set forth in Exhibit C attached hereto.

15.    Although not necessarily relevant to the approval of Raymond James' fees, Raymond James respectfully submits that approval of its fees and expenses are warranted under the standard set forth in Bankruptcy Code § 330 and specifically, that the amount requested by Raymond James is fair and reasonable given (a) the complexity of this case, (b) the time expended on this case, including prior to the Petition Date, (c) the nature and extent of the services rendered, (d) the value of such services, which resulted in payment in full to unsecured creditors, and distributions to equity, and (e) the costs of comparable services other than in a case under this title.

16.    Further, Raymond James' efforts enabled the Debtor to, among other things, (i) implement the sale process and (ii) effect a comprehensive sale of substantially all the Debtor's assets as approved by the Court at a value well in excess of offers prior to Raymond James' involvement.

17.    Accordingly, Raymond James submits that it is entitled to the fees and reimbursement of expenses in accordance with the Engagement Letter and Retention Order, as requested herein.  Raymond James respectively requests approval of all prior-paid fees and expenses and final allowance of the post-petition Monthly Advisory Fees, in the amount of $100,000.00, a Business Combination Transaction fee of $4,140,255.41 and the reimbursement of the Expenses in the amount of $8,488.45.

Conclusion

WHEREFORE, Raymond James respectfully requests that the Court enter an order:

    A.      Granting the Application;

    B.      Approving the fees and expenses of Raymond James on a final basis, including $4,240,255.41 as compensation for services rendered to the Debtor, and $8,488.45 for the reimbursement of the Expenses, for a total of $4,248,743.86, of which $4,145,934.86 has been paid to Raymond James and $102,809.00 is expected to be paid on or around April 27, 2015.

    C.      Granting such other and further relief as the Court may deem just and proper.

Dated: April 27, 2015            Respectfully submitted,
       Wilmington, Delaware

                              Michael Pokrassa
                              Senior Vice President

## VERIFICATION

STATE OF NEW YORK        )
                            ) SS:

COUNTY OF NEW YORK  )

       Michael Pokrassa, after being duly sworn according to law, deposes and says:

       a)      I am a Senior Vice President with the applicant firm, Raymond James & Associates, Inc., and have been admitted to appear before this Court.

       b)      I am familiar with the work performed on behalf of the Debtor by the professionals in the firm.

       c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.

                                      Michael Pokrassa
                                      Senior Vice President

SWORN AND SUBSCRIBED before me
this 27 day of April, 2015.

_____
Notary Public
My Commission Expires: 1/14/17

CARMELA M VACCHIANO
Notary Public - State of New York
NO. 01VA6275041
Qualified in Queens County
My Commission Expires 1/14/17